**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**COURT FILE NO.:**

| | | |
|---|---|---|
| JODY MILLER | ) | |
|     **Plaintiff** | ) | |
|     v. | ) | |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC., | ) | **COMPLAINT** |
|     and | ) | |
| Josh White | ) | **JURY TRIAL DEMANDED** |
|     And | ) | |
| "Opal" Doe | ) | |
|     **Defendants** | ) | |

## I.      PRELIMINARY STATEMENT

1.      This action arises out of illegal acts and omissions of the above-named

defendants, who used false, deceptive, misleading, unfair, abusive, and oppressive

practices and means in conjunction with attempts to collect an alleged debt or debts and

thereby violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p

("FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §§

2270.1-2270.6 ("FCEUA"), and Unfair Trade Practices and Consumer Protection Law, 73

P.S. §§ 201-1 to 201-9.3 ("UTPCPL").  Plaintiff seeks actual damages, statutory damages,

treble damages, costs, and attorney's fees.

## II.      JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337 and pursuant

to 15 U.S.C. § 1692, et seq. and pursuant to 28 U.S.C. § 1367 for pendent state law

claims.

3.      Venue is proper in this District because the acts and transactions occurred

here, Plaintiff resides here, and Defendants transact business here.

### III.  PARTIES

4.      Plaintiff, Jody Miller, ("Plaintiff") is a natural person residing at 172 Carson Street, Philadelphia, Pennsylvania  19127.  Because Plaintiff was allegedly obligated to pay a debt that is the subject of this case that was primarily for family, personal or household purposes, namely, a student loan, , she was a consumer within the meaning of FDCPA, 15 U.S.C. § 1692a(3)  and FCEUA, 73 P.S. § 2270.3.

5.       Defendant NCO Financial Systems, Inc. ( "NCO"") is, upon information and belief, a corporation existing pursuant to the laws of the Commonwealth of Pennsylvania and maintains a principal place of business located at 507 Prudential Road, Horsham, Pennsylvania  19044 and acted by and through its owners, managers, officer, shareholders, authorized representatives, partners, employees, agents and/or workmen.

6.      At all times relevant to this Complaint, Defendant NCO is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and FCEUA 73 P.S. § 2270.3.

7.      Defendant, Josh White ("White") is, upon information and belief, an owner, manager, officer, partner, shareholder, authorized representative, employee, agent and/or workman of NCO and, acting within the course and scope of his employment and/or business relationship with NCO and, at all relevant times herein, is located at or through NCO's office address at 507 Prudential Road, Horsham, Pennsylvania  19044.

8.      At all times relevant to this Complaint, Defendant White is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and FCEUA 73 P.S. § 2270.3.

9.      Defendant, Opal Doe ("Opal"), is, upon information and belief, an owner, manager, officer, partner, shareholder, authorized representative, employee, agent and/or workman of NCO and, acting within the course and scope of her employment and/or business relationship with NCO and, at all relevant times herein, is located at or through NCO's office address at 507 Prudential Road, Horsham, Pennsylvania  19044.

10.     At all times relevant to this Complaint, Defendant Opal is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and FCEUA 73 P.S. § 2270.3.

11.     At all times material and relevant hereto, Defendants are jointly, severally, individually, vicariously and/or equitably liable to Plaintiffs.

12.     Defendants, at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts. Based on said activity or activities, Defendants were debt collectors within the meaning of FDCPA, 15 U.S.C. § 1692a (6), and FCEUA, 73 P.S. § 2270.3.

## IV. FACTS

### *Telephone calls to Plaintiff's mother*

13.     On or about May 3, 2009, Defendant NCO, by and through a  representative, who identified herself as "Opal," telephoned Plaintiff's 80-year-old mother and requested Plaintiff's cell phone number.

14.     When Plaintiff's mother refused to provide Plaintiff's cell phone number, Opal told Plaintiff's mother that she should tell Plaintiff to call her (Opal) right now before she stops by Plaintiff's residence and that if Plaintiff's mother was unable to reach Plaintiff that Plaintiff's mother should leave a message for Plaintiff to call Opal.

15.     On or about May 4, 2009, after 9:00 p.m., Opal again called Plaintiff's mother and said, "Hi honey, how are you?" and inquired as to whether or not she gave her message to Plaintiff.

16.     Several more telephone calls from NCO to Plaintiff's mother were made over the next two and a half weeks.

### *Telephone calls to Plaintiff's brother*

17.     On or about May 3, 2009, Opal called Plaintiff's brother on a new telephone number which he had recently obtained.

18.     During the telephone conversation with Plaintiff's brother, Opal tried to portray herself as a friend of Plaintiff in an attempt to coerce information about Plaintiff from him.

19.     The aforesaid telephone calls were made to Plaintiff's relatives despite the fact that Defendants already had Plaintiff's telephone number and address and had called Plaintiff at her telephone number several times prior to May 3, 2009.

*Telephone Calls to Plaintiff*

20.     On or about May 3, 2009, Opal left a message for Plaintiff at her home phone number.

21.     On or about May 4, 2009, a man who identified himself as Josh White called Plaintiff and said he was Mr. White from the Department of Education.

22.     Mr. White subsequently called Plaintiff and identified himself as being a representative of NCO.

23.     NCO made a multitude of telephone calls to Plaintiff over the next month.

*Cease and Desist Letter To Defendants*

24.     As a result of Defendants' harassing and deceptive telephone calls to Plaintiff and her family, Plaintiff retained the undersigned counsel.

25.      On June 9, 2009, the undersigned counsel sent a letter, via certified mail, return receipt requested, to NCO requesting that all communications with Plaintiff and her family cease. A true and correct copy of counsel's letter is attached as Exhibit "A".

26.     After the aforesaid letter was sent, NCO ceased communicating with Plaintiff and her family for several months but, inexplicably, without the permission or consent of Plaintiff or counsel, began making a multitude of telephone calls directly to Plaintiff.

## V.     CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et. seq.

27.     Plaintiff incorporates her allegations of paragraphs 1 through 26 as though set forth at length herein.

28.     Defendant's violations of FDCPA include but are limited to, the following:

(a)     Defendants violated 15 U.S.C. § 1692b(1) by failing to identify themselves, or failing to state that collector is confirming or correcting location information.

(b)     Defendants violated 15 U.S.C. § 1692b(3) by contacting a person more than once.

(c)     Defendants violated 15 U.S.C. § 1692c(a)(2) by contacting  a person despite knowing that the consumer is represented by an attorney with respect to such debt.

(d)     Defendants violated 15 U.S.C. § 1692c(b) by contacting a person without the prior consent of the consumer given directly to the debt collector.

(e)     Defendants violated 15 U.S.C. § 1692c(c) by failing to cease communication with Plaintiff upon notification by Plaintiff that she wished Defendants to cease further communication.

(f)     Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, and/or abuse Plaintiff in connection with the collection of a debt.

(g)     Defendants violated 15 U.S.C. § 1692d(6) by making telephone calls without disclosing their identity.

(h)     Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and/or misleading representations and/or means in connection with the collection of a debt.

(i)     Defendants violated 15 U.S.C. § 1692e(5) by threatening to take an action that could not be taken or that was not intended to be taken in connection with the collection of a debt.

(j)      Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt.

(k)      Defendants violated 15 U.S.C.  § 1692e(14) by the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

(l)      Defendant violated 15 U.S.C. § 1692f by using unfair practices and/or means to collect or attempt to collect a debt.

29.    As a result of the Defendants' illegal collection efforts, Plaintiff has suffered and is entitled to damages in the form of actual damages, compensatory damages, statutory damages and attorney's fees, costs and expenses.

30.    As a result of the Defendants illegal collection efforts and communications, Plaintiff has suffered actual damages in the form of anger, anxiety, frustration and sleeplessness.

31.    As a result of the foregoing violations of the FDCPA, Defendants are individually, jointly, vicariously and severally liable to Plaintiff for actual damages, compensatory damages, statutory  damages, attorney 's fees and costs in accordance with 15 U.S.C. § 1692k.

32.    The foregoing acts and omissions of each and every Defendant constitute numerous  and multiple violations of the FDCPA including but not limited to each and everyone of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

WHEREFORE, Plaintiff, Jody Miller, prays that judgment be entered in her favor against Defendants, individually, jointly, severally and/or vicariously in an amount including but not limited to the following:

(1)     Actual damages;

(2)     Statutory damages in the amount of $1,000.00;

(3)     Reasonable attorney's fees and costs;

(4)     Declaratory judgment that the Defendants' conduct violated the FDCPA;

(5)     Such other and further relief that the Court deems just and proper.

## COUNT II - VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT ("FCEUA")

33.     Plaintiff incorporates her allegations of paragraphs 1 through 32 as though set forth at length herein.

34.     Defendants violated the FCEUA, 73 P.S. § 2270.4(a), because any violation of the FDCPA by a debt collector, as set forth above, constitutes an unfair or deceptive debt collection act or practice under the FCEUA.

WHEREFORE, Plaintiff, Jody Miller, prays that judgment be entered in her favor against Defendants, individually, jointly, severally and/or vicariously in an amount including but not limited to the following:

(a)  Actual damages pursuant to 73 P.S. §§ 201-9.2(a) and 2270.5(a).

(b)  Statutory damages pursuant to 73 P.S. §§ 201-9.2(a) and 2270.5(a).

(c)  Treble damages pursuant to 73 P.S. §§ 201-9.2(a) and 2270.5(a)

(d)  Costs of this action together with a reasonable attorney's fees pursuant to 73 P.S. §§ 201-9.2(a) and 2270.5(a).

(e)  An Order declaring that Defendants violated the FCEU

(f)  Such other and further relief as may be just and proper.

### COUNT III - VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE AND CONSUMER PROTECTION LAW ("UTPCPL")

35.     Plaintiff incorporates her allegations of paragraphs 1 through 34 as though set forth at length herein.

36.     Defendants violated UTPCPL, because, pursuant to the FCEUA, 73 P.S. § 2270.5(a), any unfair or deceptive debt collection act or practice under the FCEUA by a debt collector or credit, as set forth above, constitutes a violation of the UTPCPL.

37.     Other unfair or deceptive acts or practices defined as such in 73 P.S. §201-2(4) committed by Defendant include, but are not limited to, the following:

(a)     Defendants engaged in fraudulent or deceptive conduct which would create the likelihood of confusion or of misunderstanding;

(b)     Defendants used false names/identities in attempting to collect a debt;

(c)     Defendants made false representations to obtain information;

38.     Pursuant to the UTPCPL, 73 P.S. § 201-3, such acts and practices are unlawful.

WHEREFORE, Plaintiff, Jody Miller, prays that judgment be entered in her favor against Defendants, individually, jointly, severally and/or vicariously in an amount included but not limited to the following:

(a)  Actual damages pursuant to 73 P.S. §§ 201-9.2(a) and 2270.5(a).

(b)  Statutory damages pursuant to 73 P.S. §§ 201-9.2(a) and 2270.5(a).

(c) Treble damages pursuant to 73 P.S. §§ 201-9.2(a) and 2270.5(a)

(d) Costs of this action together with a reasonable attorney's fee, pursuant to 73

P.S. §§ 201-9.2(a) and 2270.5(a).

(e) An Order declaring that Defendants violated the UTCPL

(f)   Such other and further relief as may be just and proper.

<u>COUNT IV</u>
<u>INVASION OF PRIVACY</u>

39.    Plaintiff incorporates her allegations of paragraphs 1 through 38 as though set forth at length herein.

40.    Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff by publicly airing private facts concerning the Plaintiff.

41.    Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

42.    Plaintiff had a reasonable expectation of privacy in Plaintiff's respective solitude, seclusion and/or private concerns or affairs.

43.    The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

44.    As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

45.    Defendants acted with malice or reckless disregard to Plaintiff's rights and welfare, warranting the imposition of punitive damages against Defendants.

WHEREFORE, Plaintiff, Jody Miller, prays that judgment be entered in her favor against Defendants, individually, jointly, severally and/or vicariously for actual and punitive damages.

## VI. DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE THAT Plaintiff respectfully demands a trial by jury against Defendants for each cause of action herein.

DATED:

s/ Michael P. Forbes
Michael P. Forbes No. 55767
200 Eagle Road
Suite 220
Wayne, PA  19087
Telephone:  (610) 293-9399

*Attorney for Plaintiff, Jody Miller*